LENA LEVINSON, PLAINTIFF, v. LOUIS FRANK, DEFENDANT.

Submitted March 20, 1924—Decided May 29, 1924.

**Change of Venue—Residence of Plaintiff Questioned—Burden of Proof on Defendant—Lack of Residence Not Established.**

On rule to change venue.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Maja Leon Berry.*

*Contra, Levitan & Levitan.*

PER CURIAM.

This is an application for change of venue from Hudson county to Ocean county. The action was begun in the Supreme Court. On July 24th, 1923, the plaintiff made affidavit of her cause of action. On October 8th, 1923, an order to hold to bail and the summons were issued. On November 7th the affidavit for this application was made, and on November 13th the rule to show cause now being heard was granted. The ground of the application is that the plaintiff was not a *bona fide* resident of Hudson county at the time

the summons was issued; that she was, in point of fact, a resident of Coney Island. Depositions were taken on both sides, and from them it appears that the plaintiff had resided for a long time in New York; that in February, 1923, she made a short visit to Lakewood, returning again to New York. In June, 1923, she went to 313 Mountain road, West Hoboken, the residence of Mr. and Mrs. Mandell. She took her clothing with her and remained there until early in July, when she went to Coney Island, remaining there until the end of October, 1923, at which time she returned to the Mandell home. The defendant put in evidence some statements made by the plaintiff during the summer or fall of 1923 that she was living in Coney Island. In this situation the defendant asks the court to hold that the residence in Hudson county is not *bona fide,* and the venue should be changed to Ocean county, the residence of the defendant.

In the case of *Dabaghian* v. *Kaffafian,* 71 *N. J. L.* 115, it was held by the Supreme Court that "the plaintiff's residence will be presumed to be where he alleges it to be unless the contrary appear." The burden, therefore, was upon the defendant in this case to establish that the residence of the defendant was not as averred in her complaint. This, we think, he has failed to do. It appears from the depositions taken that the plaintiff had known the Mandells for a number of years; that she had visited them and stayed over night in their home; that in June, 1923, she asked them to receive her as an occupant of their household. This was done. She took, at least, some of her personal belongings with her, and remained until some time in July, about a month. She went to Coney Island intending, as she says to return to West Hoboken after the season. Some of her belongings remained in the West Hoboken house. The statements made to a Mrs. Swartz that she was living in Coney Island, it would seem, cannot be given too serious consideration. They were expressions indicating a present place of abode. There is nothing to show that she was intending to live permanently at a seashore resort.

The proofs show a clearly-defined purpose on the part of the plaintiff to abandon her home in New York and to take up a residence permanently in West Hoboken, and that this intention was carried out. They do not show that this purpose and change of residence were in any way modified by the temporary stay in Coney Island.

It may be a hardship to the defendant to be called upon to respond in a suit for damages outside of his home county and in another jurisdiction, but it would be equally a hardship to compel the plaintiff to go from her home to his residence. It is sufficient to say that the statute gives the plaintiff the option. She was chosen to lay the venue in Hudson county, and, her residence there not being successfully attacked, she is entitled to retain the venue where it is laid.

The rule will be discharged.